United States District Court
Southern District of Illinois

Karl Haywood                    Case No. 22-731-NJR
/Plaintiff                      Demand Jury Trial

V.

SCANNED at MENARD and E-mailed
4-14-22 by SS    40 pages
Date    initials    No.

Wexford Health Sources, Inc.
Rob Jeffreys, Anthony Wills,
Brand + J.B. Pritzker
Angela Crain

    Defendants

1983 U.S.C. Complaint

Plaintiff: Karl Haywood #R-40742
   P.O. Box 1000 Menard, Il. 62259
Menard Correctional Center

(1.)

DEFENDANTS:

A.) WEXFORD HEALTH SOURCES, INC.
B.) ROB JEFFREYS — DIRECTOR
C.) ANTHONY WILLS — WARDEN
D.) DEREK BRANDT CRO
E.) J.B. PRITZKER GOV
F.) ANGELA CRAIN — HCUA

GRIEVANCE PROCESS

EXHAUSTED ALL AVAILABLE REMEDIES

(2.)

PREVIOUS LAWSUITS:

(H)    (3.)

Statement of Claims:

Claim #1 — 8TH Amendment Violation Deliberately & Knowingly Allowing Conditions To Exist That They Know To Cause unnecessary Pain & Suffering

1.) Plaintiff is A plaintiff in (3) Class Action Lawsuits That Have Been filed Against IDOC & The Wexford Health Care Provider........ Lippert v. Baldwin, Rasho v. Jeffreys, & Ross v. Goss.

2.) Lippert v. Baldwin, or Jeffreys is About The Denial of Medical Care Due To Severe overcrowdin & Systemic Deficiencies which are made worse by The Deliberate under staffing of every HCU in every facility, including Menard where plaintiff is Housed At & The inadequately Trained Medical Staff.

3.) Rasho v. Jeffreys — is A class Action

(5.)

Lawsuit About inmates with Serious Mental Illness (SMI) Being Denied Access to Adequate Mental Health Care Due to the Severe Overcrowding of IDOC facilities & the Deliberate understaffing By the Mental Health Care Providers (Wexford) which has caused systemic Deficencies & Breakdowns in inmates Receiving Care.

4.) ROSS V. GOSS — is the Class Action Lawsuit About the Tact Team using excessive force on inmates To Regain Control of the institution & Show inmates who's in charge & Stop the violent enviornment that has been caused As a Direct Result of overcrowding, Double celling, Deplorable Living Conditions & understaffing, poor health care

5.) All (3) Lawsuits put Defendants Wexford, Jeffreys, Wills & Pritzker on notice that these conditions Exist & that inmates such As plaintiff Are being Denied medical care, Dental care, Mental Health Care & Being Subjected to the Tact Team

(6.)

÷ OTHER OFFICERS WHO ARE USING THESE OVERLY AGGRESSIVE TACTICS OF EXCESSIVE FORCE ÷ DEHUMANIZING CONDITIONS TO SEND A MESSAGE THAT THEY ARE IN CONTROL ÷ THERES NO CONSEQUENCES FOR THEIR ACTIONS ÷ SO AN ENVIRONMENT OF VIOLENCE ÷ LAWLESSNESS HAS BEEN CREATED BY THESE POLICY MAKERS TURNING A BLIND EYE TO THESE ISSUES THAT THEY KNOW NOT ONLY VIOLATE PLAINTIFFS CONSTITUTIONAL RIGHTS BUT ALSO SHOWS THAT THESE DEFENDANTS ARE NOT PROVIDING HIM WITH THE BASIC NECESSITIES OF LIFE THAT THEY HAVE A DUTY TO PROVIDE TO HIM ÷ ALL SIMILAR SITUATED INMATES.

b.) MEDICAL CARE, MENTAL HEALTH CARE, ADEQUATE ACCESS TO CLEANING SUPPLIES ÷ A SAFE HOUSING ÷ PROTECTION FROM THREAT ÷ HARM OF ASSULT BY INMATE ÷ STAFF ... DEFENDANTS HAVE A DUTY TO PROTECT PLAINTIFF'S WELL BEING, SAFETY ÷ HEALTH, AS WELL AS PROVIDE HIM WITH MEDICAL CARE ÷ MENTAL HEALTH CARE FOR HIS NEEDS ÷ HE HAS SHOWN THEY SHOULD HAVE BEEN DOING MORE TO MONITOR ÷ FIX THE SYSTEMIC DEFECENCIES THAT MAKE

(7.)

MENARD UNABLE TO PROVIDE PLAINTIFF WITH SAFE HOUSING, ADEQUATE MEDICAL & MENTAL HEALTH CARE.

7.) AS A DIRECT RESULT OF THESE SYSTEMIC DEFICENCIES — UNDERSTAFFING, OVERCROWDING, INADEQUATE MEDICAL CARE & MENTAL HEALTH CARE, DOUBLE CELLING IN CELLS MEANT TO ONLY HOUSE ONE SINGLE INMATE, DEPLORABLE & INHUMANE LIVING CONDITIONS, 23 PLUS HOURS A DAY CONFINED IN CELLS WITH LIMITED SOCIAL INTERACTION & COMMUNICATION HELPED CREATE AN ATMOSPHERE WHERE VIOLENCE IS EXPECTED & THE NORM... & ITS THIS WAY BECAUSE NO STEPS HAVE BEEN TAKEN TO EXAMINE WHAT IS CAUSING IT TO BE COME THIS WAY.

8.) DEFENDANTS WILLS, JEFFREYS, PRITZKER KNOW THAT THESE PROBLEM EXIST BECAUSE OF THE ISSUES LISTED IN ALL (3) OF THE OTHER LAWSUITS (CLASS ACTION) COMBINED TOGETHER & INSTEAD OF TRYING TO FIX THOSE ISSUES IN AN EFFORT TO TRY & RESOLVE THEM & HELP TO STOP THE VIOLENT ATMOSPHERE THATS PRESENT AT MENARD WHERE PLAINTIFF IS LOCATED AT, DEFENDANTS

(8.)

UNLEASHED A TRAINED TACTICAL UNIT DESIGNED FOR CELL EXTRACTIONS, RIOTS, & CALMING DOWN VIOLENT SITUATIONS ONTO THE INMATE POPULATION WITHOUT NO SUPERVISION OR CONSEQUENCES FOR WHEN THEY DO BAD THINGS.

9.) WHEN THE TACT TEAM WAS CALLED ORANGE CRUSH THEY BEAT INMATES WITH OAK STICKS MADE INMATES STAND NUTS TO BUTTS, DENIED INMATES TO GO TO THE BATHROOM & TREATED INMATES INHUMANELY & VIOLATED THEIR CONSTITUTIONAL RIGHTS, DEFENDANTS WERE MADE AWARE OF THESE FACTS & THEY DID NOTHING TO PUNISH THESE OFFICERS OR MAKE THEM FEEL LIKE THEY SHOULDN'T DO ANY OF THESE THINGS EVER AGAIN BECAUSE THERE WOULD BE CONSEQUENCES, THERE WAS NO CONSEQUENCES FOR THESE OFFICERS ... THE ONLY THING THAT THESE DEFENDANTS DID WAS TAKE AWAY THEIR ORANGE JUMP SUITS & CHANGE THERE NAME FROM ORANGE CRUSH TO S.O.R.t BUT ALLOWED THEM TO CONTINUE TO MOVE LIKE THEY HAD BEEN MOVING BEFORE THE CLASS ACTION LAW SUIT HAD BEEN FILED, & THATS TO USE EXTREME FORCE IF THEY FEEL LIKE IT, THERE

(9.)

WILL BE NO CONSEQUENCE FOR THEM.

10.) TO FURTHER PROVE THAT THESE LAWLESS TACTICS ARE BEING SUPPORTED BY DEFENDANTS WILLS, JEFFREYS, ¦ PRITZKER... WHEN ¦ IF AN INMATE BRINGS FORTH A LAWSUIT CLAIMING THAT EMPLOYEES HIRED BY THE STATE OF ILLINOIS TO WATCH OVER INMATES WHO ARE ALSO WARDS OF THE STATE, THE STATE PROVIDES THEM (FREE OF CHARGE) WITH LEGAL REPRESENTATION (THE ATTORNEY GENERAL) ¦ IF THE CASE IS SETTLED, THE STATE OF ILLINOIS THEN PAYS THIS SETTLEMENT (IDEMNIFICATION) ON BEHALF OF THESE OFFICERS/ EMPLOYEES OF THE STATE........ IN DIRECT CONTRADICTION TO THE STATES CARCEREAL BURDEN ¦ DUTY TO PROVIDE PLAINTIFF ¦ ALL INMATES¦ WITH A SAFE HOUSING ¦ ENVIRONMENT... TO BE SAFE FROM HARM OR THREAT FROM INMATE OR OFFICER WHILE BEING HOUSED WITH IN THE ILLINOIS DEPARTMENT OF CORRECTIONS.

11.) PLAINTIFF IS NOT SAFE FROM THREAT OR HARM AS LONG AS THE LAWLESSNESS IS ALLOWED TO CONTINUE TO EXIST ¦ OFFICERS

(10.)

& Staff Are Allowed Violate The Idoc Rules Along with The Constitutional Rights Of Inmates With Out Consequence.

12.) The Grievance Process Is Set up As A Way for Inmates To List Their Complaints But its Not Fair, Because The Officers & Staff Who Have Been Assigned To Hear These Issues At The Institutional Level & The Administrative Review Board Are Pro Officer & Staff, & follow A Pattern That Has Been Going On for Over 20 years That Perpetuates The Lawlessness of Idoc As To How They Look Into & Investigate Claims Of Officer & Staff Misconduct Against Inmates Such As Plaintiff.

13.) Since 2019 Idoc Has Been On Covid Lockdown/Quarantine & The Tact Team Has Been A Strong Presence Inside The facility These officers Are Overly Aggressive & Are Being utilized To Intimidate Inmates Into Staying In Line & Complying with The Rules Or Doing what They Are Told To Do & if

(11.)

OR WHEN THE TACT TEAM FEELS LIKE AN INMATE ISN'T MOVING FAST ENOUGH FOR THEM, OR ISN'T FOLLOWING THEIR RULES THAT THEY MADE UP.

14.) MENARD IS ONE OF THE THREE MAXIMUM SECURITY PRISONS IN THE STATE OF ILLINOIS ; THE RECORDS WILL SHOW THAT MENARD HAS USED THE TACT TEAM MORE THAN ANY OF THE OTHER FACILITIES COMBINED ; HAVE BEEN USING THE TACT TEAM ORANGE CRUSH ; SORT TACT TEAM TO ENFORCE THEIR RULES ; DEFENDANTS HAVE KNOWN THIS BECAUSE THESE DEFENDANTS ARE THE POLICY MAKERS ; THE ONES WHO AUTHORIZED THE USE OF THE TACT TEAM ON THE INMATE POPULATION WITHOUT ANY REAL SUPERVISION OR CONSEQUENCES FOR THEY'RE ACTIONS, DEFENDANTS HAVEN'T DONE ANYTHING TO FIX THESE PROBLEMS THAT THEY HAVE BEEN MADE AWARE OF SINCE THE FILING OF THE (3) CLASS ACTION LAWSUITS THAT PUT THEM ON NOTICE THAT THEY WERE NOT PROVIDING PLAINTIFF ; ALL OTHER INMATES HELD IN THEIR CUSTODY WITH THE BASIC NECESSITIES OF LIFE ADEQUATE MEDICAL CARE, MENTAL HEALTH CARE ; SAFE HOUSING - WITHOUT FEAR OR THREAT OF HARM

(12.)

Of Assult By Staff.

15.) The Purpose of a 1983 Lawsuit is to put Policy Makers & Administrative Staff on Notice of these issues that violate the Constitutional Rights of inmates being held in their custody so that these issues can not only be Addressed but fixed & Resolved so that they don't continue to be problematic to the plaintiffs of Anyone being held in their custody.

16.) Lippert v. Baldwin — was filed in 2010, Rasho v. Baldwin — was filed in 2007, Ross v. Goss. — was filed in 2014 & the issues that are listed in All (3) of these Lawsuits are still a part of Plaintiff's Every waking day as an inmate at the Menard Correctional Center & its because Defendants Have Deliberately Ignored these issues & these complaints that show & prove that (1) - inmates being held in IDOC custody are being Denied their basic necessities of Life due to Defecencies & Inadequacies in the system that Defendants Have created & Allowed to exist for years,

(13.)

#(2) That staff who work for the state of Illinois are denying inmates who the state of Illinois have a carceral burden (Duty), their constitutional rights to be free from cruel & unusual punishment & unnecessary pain & suffering..

#(3) That these staff members & administrative personnel have been allowed to investigate themselves & no one's been punished nor has any changes been made to prevent & or stop these issues from continuing to happen or happen in the future ....... & That is deliberate indifference because defendants took no measures to change unwritten & written policies that caused & helped create an atmosphere & environment of violence, inadequate medical & mental health care & excessive force & lawlessness ... Where officers & tact team were given the green light by defendants to use excessive force & any means necessary to get inmates in line & it was because of this mindset that existed that plaintiff was subjected to the following constitutional rights violations by the listed defendants

(14.)

17.) Plaintiff was locked in his cell asleep on the bottom bunk, so he doesn't know what was going on, or what had happend... All he knows is that he was hit in the head & face area with this chemical agent by the tact team (S.O.R.T.) member Brandt.

18.) Plaintiff could not see & could barely breath due to him having asthma & so also was trying to figure out what had happend he was trying to rinse this chemical agent out of his eyes & face, because tact team member Brandt walked away from the cell Plaintiff ~~xxxxxxx~~ was forced to suffer unnecessarily in pain when Brandt maced him & walked away from his cell for about 20 minutes.

19.) Plaintiff was locked inside of his cell so Brandt could not have percieved him as a threat because all he had to do was walk away from in front of this cell but thats not what he did, instead of walking away & cooling off, this C.O. sprayed the

(15.)

CHEMICAL AGENT INTO THIS CELL WHERE THERE IS NO VENTILATION IN THE CELL OR IN THE CELLHOUSE ; SO HE KNEW THAT IF HE SPRAYED THIS CHEMICAL AGENT THAT IT WOULD MESS UP NOT ONLY PLAINTIFF ; HIS CELLMATE, BUT EVERYONE IN THE CLOSE PROXIMITY.

20.) THE CHEMICAL AGENT IS SUPPOSE TO BE USED AS A LAST OPTION OR IF THERE'S A FIGHT ; THE INDIVIDUALS REFUSE TO STOP, BUT NONE OF THESE SCENERIO'S WAS WHAT HAPPEND, INSTEAD DEFENDANT BRANDT SPRAYED THE CHEMICAL AGENT WITH MALICIOUS INTENT TO INFLICT UNNECESSARY PAIN ; SUFFERING.

21.) PLAINTIFF WAS LAYIN DOWN SLEEP IN HIS BED SO, HE WASN'T ANY THREAT TO THIS OFFICER SO FOR THIS OFFICER TO SPRAY A CHEMICAL AGENT ON HIM SHOWS HIS MALICIOUS INTENT TO INFLICT INTENTIONAL PAIN ON PLAINTIFF FOR THE SOLE PURPOSE OF JUST BEING MALICIOUS TOWARDS PLAINTIFF ; HIS CELLY.

22.) ONCE HE SPRAYED PLAINTIFF WITH CHEMICAL

(16.)

Agent He walked away from the door knowing that Plaintiff had this Chemical in his eyes burning his eyes, his face, making him sneeze, making it very difficult for him to breathe & when he did breathe in, it felt like he was breathing in fire.

23.) Plaintiff has Asthma & so he was coughing really bad to the point that he threw up several times & he yelled out for a med tech & Brandt then told Plaintiff to shut the fuck up.

24.) Plaintiff struggled to get to the back of his cell where the sink was located at so he could try to rinse out his eyes & it was at this time that he slipped & fell hitting his back & head on the toilet & sink.

25.) Plaintiff continued to explain to Brandt & the other tact team members that he had not done anything wrong & wanted to know why he had been maced & he was told to shut the fuck up & to back up to the bars & cuff the fuck up.

(17.)

26.) Plaintiff was cuffed up & his arms pulled up into the air so that he thought his arms & shoulders would break, again... Plaintiff asked what did he do to get maced & he was roughed up by Brandt & the other Tact Team Members.

27.) Plaintiff was taken to the HCU where he heard the Tact Team tell the Nurse that he had assulted a staff member & he heard the Nurse (Jane Doe) say fuck him... talking about Plaintiff.

28.) The Tact Team told the Nurse that Plaintiff was a staff assulter so that she would treat him indifferent & thats what she did when Plaintiff told her that he had asthma & that it was hard for him to breath, she told him that he was ok. Plaintiff wasn't ok & he needed his inhaler, but the Tact Team member (Brandt) who doesn't have any medical training told him that he wasn't getting nothing, so Plaintiff told the Nurse

(18.)

Again that he needed his inhaler & Brandt said he wants to hear you tell him that he's not getting shit, so tell him & thats what this nurse did & said to plaintiff denying him adequate medical care.

29.) Plaintiff let this nurse also know that he fell down & hit his back & head & that he was in pain & was dizzy, this nurse didn't examine him to see if he possibly had a concussion or some damage to his back & she told him that he should have thought about that before he assaulted a staff member & then she said that plaintiff could be taken to seg.

30.) Plaintiff was already handcuffed in an awkward manner that hurt his wrist then he was forced to bend over & his arms pulled up into the air like they were trying to break his arms at the shoulders.

31.) Plaintiff was being treated like this

(19.)

BECAUSE HE WAS LABLED AS BEING A staff ASSULTER & THIS WAS THE UNWRITTEN POLICY THAT staff MEMBERS followed & ADHERED TO.

32.) PLAINtiff WAS TAKEN TO NORTH 2 SEG & HE HEARD THE Tact TEAM TELL THE NORTH 2 OFFICER THAT HE (PLAINtiff) WAS A staff ASSULTER & WHEN HE SAID THIS, EVERYTHING CHANGED & PLAINtiff WAS Left IN HIS MACE SOAKED UNDERWARE.

33.) THIS WAS DONE TO inflict PAIN & A PUNISHMENT ONTO PLAINtiff FOR ALLEGEDLY CATCHING AN ASSULT ON AN OFFICER.

34.) BRANDT KNEW THAT if HE LABLED PLAINtiff A staff ASSULTER THAT other Staff Would TREAT HIM INDIFFERENTLY BECAUSE THESE ARE HIS CO-WORKER'S & THEY WOULD TAKE HIS WORD OVER AN INMATES WORD & MISTREAT HIM ALSO.

35.) TO further inflict CRUEL & UNUSUAL

(20.)

Punishment onto plaintiff, Defendant Brandt Conspired To Deprive plaintiff of His Liberty by Deliberately Writing A Falsified Disciplinary Report for A Staff Assault.

36.) In The Past When Inmates Were Written up for A Staff Assault They Were Made To Wear A Black & White Strip Jump Suit & Staff Assaulter Was put onto Their I-D's & This Signaled Them out & As A Result of These Conditions, Inmates' Identified As Staff Assaulters Are Treated Deliberately Indifferent by other Staff Members.

37.) Brandt Wrote A Fabricated Disciplinary Ticket In The Hope That Plaintiff Would Be Sent To Seg Where The Living Conditions Are Extremely Inhumane, Filthy, Deplorable & Would Cause His Physical & Mental Health To Deteriorate Which Is What Happend To Him While He Was Housed Back There In Seg. from 2/18/21 Thru 2/24/21.

(21.)

38.) Brandt claimed that plaintiff & his cellmate were both standing at the bars/cells, & both threw their trays at him which is physically impossible to do & when he alleges that plaintiff was standing at the bars, plaintiff was laying down in the bed & his cellmate was his witness to this fact.

39.) Plaintiff was placed in a cell without sheets, pillow, pillow case, the mattress smelled like urine & was wet, black mold was on the walls, & the cell had a strong smell of mold & mildew, what looked like feces & blood was smeared on the door/bars & walls, there was feces smeared in the inside of the toilet, the sink had toothpaste, blood & spit in it, & what looked like snot & buggers were on the wall above the sink.

40.) Plaintiff asked if he could get something to clean his cell with & he was told by the officer that he should have thought about that before he came to seg. for assaulting

(22.)

An officer, & with that said this officer denied Plaintiff access to any soap, or towel to clean his cell in retaliation for him being labled a staff assulter by C-O Brandt.

41.) Plaintiff requested to be seen at sick call & get his inhaler because the mold, mildew & rust had him coughing & making it difficult to breath & so he got up early & stopped the nurse & asked her if she could see him & check his lungs & get him his inhaler because he was having difficulties taking a deep breath. Because of the strong mold & mildew smells that was messing with his asthma. This nurse told Plaintiff if he didn't like how the cell smell, then he'll think twice about assulting another staff & then she walked away from his door, denying him medical care in retaliation for C-O Brandt fabricating a charge & labling Plaintiff as a staff assulter when he wasn't.

(23.)

42.) Plaintiff is (SMI) Seriously Mentally Illness ; because of this diagnoses he is suppose to see & be seen by the mental health professionals.

43.) Plaintiff saw the Sgt. & he let him know that he was SMI & needed to be seen by mental health... & the Sgt. let plaintiff know that he wasn't calling no fucking body for him because he made a decision to put his hands on staff, & for that you not getting shit.

44.) Plaintiff was retaliated against by these other staff members & deliberately denied access to medical care, mental health care, cleaning supplies, his personal property all because he was labled a staff assulter by C.O. Brandt.

45.) Brandt is not the first officer to do this but this is the environment that has been allowed to exist at Menard due to the overcrowding, understaffing, poor health

(24.)

CARE, INADEQUATE MENTAL HEALTH, BREAKDOWNS SYSTEMIC DEFECENCIES IN ALL HEALTH CARE, POOR MAIL DELIVERY, INADEQUATE GRIEVANCE PROCESS SYSTEM THAT DELIBERATELY HINDERS INMATES FROM FILING COMPLAINTS ¢ ALL THESE THINGS COMBINED TOGETHER ALONG WITH THE POLICY MAKERS (WILLS, JEFFREYS, PRITZKER, WEXFORD) BEING PUT ON NOTICE ABOUT THESE ISSUES ¢ THEY HAVE DONE NOTHING TO fix THEM, THUS DELIBERATELY ALLOWING AN ENVIRONMENT TO EXIST THAT ALLOWS OFFICERS ¢ STAFF TO GO UNCHECKED, WITHOUT CONSEQUENCES OR DISCIPLINE, CREATING AN INSTITUTION OF LAWLESSNESS.

46.) ITS BECAUSE OF THIS ENVIRONMENT of LAWLESSNESS THAT PLAINTIFF HAS BEEN SUBJECTED TO CRUEL ¢ UNUSUAL PUNISHMENT, UNNECESSARY PAIN ¢ SUFFERING IN DIRECT VIOLATION OF HIS 8TH AMENDMENT CONSTITUTIONAL RIGHTS.

47.) BY KNOWING THAT THESE ISSUES EXIST IN MENARD ¢ NOT FIXING THEM OR RESOLVING THEM DEFENDANTS ARE DELIBERATELY

(25.)

INDIFFERENT TO PLAINTIFF'S CONSTITUTIONAL RIGHT TO BE FREE FROM UNNECESSARY PAIN & SUFFERING, BECAUSE THEY HAVE KNOWINGLY SUBJECTED HIM TO EXTREME & SEVERE CRUEL & UNUSUAL PUNISHMENT.

# CLAIM #2 — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS...

48.) BY DELIBERATELY NOT ADDRESSING & FIXING THE ISSUES THAT HAVE BEEN BROUGHT TO THEIR ATTENTION WITH THE (3) CLASS ACTION LAWSUITS DEFENDANTS WILLS, JEFFREYS, PRITZKER & WEXFORD HAVE CREATED POLICIES WRITTEN & UNWRITTEN THAT ARE CREATING INTENTIONAL INFLICTIONS OF EMOTIONAL DISTRESS.

(26.)

Relief Requested:
Plaintiff Would like To Sue each
Defendant in their individual capacity
& in their official capacity for His
Injuncative Relief. Plaintiff Would like
Defendants To fix; Address the issues
listed in this complaint; the issues that
Are listed in the other (3) Class Action Law
Suits That violate His 8TH Amendment
Constitutional Rights. Plaintiff Wants To
Be Compensated Financially, He Wants To
Be Transfer so He's Not Subjected To
These Constitutional Rights violations Any
Longer, ; Whatever Else This Court Deems
Just ; Necessary.

Date: April 14, 2022    Karl Haywood #R-40742

_Karl Haywood_
SIGNATURE

P.O. Box 1000
Menard, IL. 62259
Menard Correctional Center

(27.)

J.B. Pritzker
Governor



Rob Jeffreys
Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name: KARL HAYWOOD

11/23/21
Date

ID# : R40742

Facility: MENARD

This is in response to your grievance received on __9/28/2021__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: __8/2/2021__    Grievance Number: __135-8-21__    Griev Loc: __MENARD__

☐ Transfer denied by the Facility

☐ Dietary _____

☐ Personal Property _____

☐ Mailroom/Publications _____

☐ Assignment (job, cell) _____

☐ Commissary / Trust Fund _____

☑ Conditions (cell conditions, cleaning supplies, etc.) __CONDITIONS IN MENARD, TACT TEAM UTILIZATION__

☐ Disciplinary Report: Dated: _____  Incident # _____

☑ Other __STAFF CONDUCT FOR REDUCTION OF TIME OUT OF THE CELL DUE TO COVID, TRANSFER BY TCO, DENIED MEDICAL AND MENTAL HEALTH TREATMENT__

Based on a review of all available information, this office has determined your grievance to be:

☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

☐ Denied, in accordance with DR504F, this is an administrative decision.

☑ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.

☐ Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

☑ Other: __UNABLE TO SUBSTANTIATE STAFF MISCONDUCT. COVID RESPONSE IS NO MERIT. TRANSFERS, CELL ASSIGNMENT, FACILITY ASSIGNMENT, AND TACT TEAM UTILIZATION ARE ADMINISTRATIVE DECISIONS AND ARE OUTSIDE THE REALM OF THIS OFFICE. RECORDS INDICATE MEDICAL AND MEANTAL HEALTH TREATMENT WERE PROVIDED.__

FOR THE BOARD: _____
Ryan Kilduff
Administrative Review Board

CONCURRED: _____
Rob Jeffreys
Director

CC: Warden, __MENARD__ Correctional Center
    __KARL HAYWOOD__, ID# __R40742__

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**



J.B. Pritzker
Governor

Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court. P.O. Box 19277 • Springfield. IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: KARL HAYWOOD

6/17/21
_____
Date

ID# :   R40742

Facility:   MENARD

This is in response to your grievance received on 5/12/2021_____. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: 3/25/2021    Grievance Number: 492-3-21    Griev Loc: MENARD

☐ Transfer denied by the Facility

☐ Dietary _____

☐ Personal Property _____

☐ Mailroom/Publications _____

☐ Assignment (job, cell) _____

☐ Commissary / Trust Fund _____

☐ Conditions (cell conditions, cleaning supplies, etc.) _____

☐ Disciplinary Report: Dated: _____ Incident # _____

☒ Other   STAFF CONDUCT C/O BRANDT FALSEIFYING IDR ON 2/18/2021. OTHER C/O NOT SPECFIC THREATING RETALIATION

**Based on a review of all available information, this office has determined your grievance to be:**

☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

☐ Denied, in accordance with DR504F, this is an administrative decision.

☒ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☒ Other:  UNABLE TO SUBSTANTIATE AGAINST STAFF.

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

FOR THE BOARD: _____
RYAN A. KILDUFF
Administrative Review Board

CONCURRED: _____
Rob Jeffreys
Acting Director

CC: Warden,  MENARD_____ Correctional Center
    KARL HAYWOOD_____, ID# R40742

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report | | |
|---|---|---|
| Date Received: 03/31/2021 | Date of Review: 04/29/2021 | Grievance # (optional): 492-3-21 |
| Offender: Haywood, Karl | | ID#: R40742 |

**Nature of Grievance:**

Staff Conduct
*Emergency Grievance*

**Facts Reviewed:**

GRIEVANCE DATED:  March 25th, 2021 Offender grieves a falsified IDR was written by officer Brandt Offender states Brandt sprayed him with mace for no reason and lied about it.  Committee found him not guilty and was placed back to east house where the officer is and is receiving threats from the officers.  Offender states he has been writing letters to the warden, director, fami8l to be moved from east house.

RELIEF REQUESTED:  To stop these officers from harassing him and threatening him, to be moved or transfered from Menard the camera footage on 3/25/21.

COUNSELOR RESPONDED: 4/15/21 staff assignments and offender cell placement are an administrative decision  Sgt. Brandt was contacted an advised he is not nor harass offender Haywood.  Sgt. Brandt stated in ticket issued to offender Haywood on 2/18/21 that one bust of OC was utilized to stop further assault.  Offender Haywood was found not guilty as his cellmate plead guilty and accepted responsibility for the charges.  Unable to verify offender claims as no other staff was mentioned by name to harassing offender.

GRIEVANCE OFFICE REVIEWED:  April 29th, 2021 Issue appropriately addressed by counselor.

**Recommendation:**

It is the recommendation of this Grievance Officer that the inmate's grievance be DENIED

Yvette Baker   - Menard Correctional Center

Print Grievance Officer's Name                                    Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| RECEIVED | Chief Administrative Officer's Response | |
|---|---|---|
| Date Received: APR 2 9 2021 | ☑ I concur    ☐ I do not concur    ☐ Remand | |
| Action Taken: | | |

Chief Administrative Officer's Signature                                    Date  4/29/21

| Offender's Appeal To The Director | |
|---|---|

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Offender's Signature                            ID# R40742                        Date 5/2/2021



J.B. Pritzker
Governor

Rob Jeffreys
Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name: Haywood, Karl

1/3/22
Date

ID#: R40742

Facility: Menard

This is in response to your grievance received on __10/27/21__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: 2/25/21    Grievance Number: 167-3-21    Griev Loc: Menard

☐ Transfer denied by the Facility

☐ Dietary _____

☒ Personal Property  jumpsuit

☐ Mailroom/Publications _____

☐ Assignment (job, cell) _____

☐ Commissary / Trust Fund _____

☐ Conditions (cell conditions, cleaning supplies, etc.) _____

☐ Disciplinary Report: Dated: _____ Incident # _____

☒ Other  Staff Conduct - Sgt. Brandt, Medical - treatment for OC spray

**Based on a review of all available information, this office has determined your grievance to be:**

☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

☐ Denied, in accordance with DR504F, this is an administrative decision.

☒ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.

☐ Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

☒ Other:  Staff misconduct cannot be substantiated.  Grievant has access to medical care. Treatment is at the discretion

of IDOC physicians. Discipline of staff is an administrative decision.  Grievant may submit a request to NSC for any issues that

arise.

FOR THE BOARD: _____
Travis Bayler
Administrative Review Board

CONCURRED: _____
Rob Jeffreys
Director

CC: Warden, Menard _____ Correctional Center
Haywood, Karl _____, ID# R40742

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report | | |
|---|---|---|
| Date Received: | Date of Review: 10/13/2021 | Grievance # (optional): 167-3-21 |
| Offender: Karl Haywood | | ID#: R40742 |

**Nature of Grievance:**

Staff conduct

**Facts Reviewed:**

Offender submitted a grievance marked emergency, dated 2-18-2021. It was received in the Grievance Office on 3-8-2021, and forwarded to the Warden's Office for review. It was deemed non emergent. The Grievance Office received for 2nd level review on 3-31-2021. Offender grieves that he was asleep in his bunk when he was hit with a burst of OC spray. Offender states he could not breathe and his skin burned. Offender states after Sgt. Brandt maced him, he left the gallery for approx. 20 minutes as he struggled to breathe. Offender states he could not see at this time and fell and hit his head. Offender states the Tact Team then appeared and gave him orders to cuff up. Offender was then taken to Health Care, and claims he was denied his asthma inhaler and had his eyes washed out. Offender claims he was walked to Restrictive Housing with his head down and his arms up and he couldn't breathe. Offender grieves he was kept there for 5 days for false charges that Sgt. Brandt had made up. Offender grieves that while in Restrictive Housing staff retaliated against him by not allowing him to change out of his pepper spray soaked underwear for 5 days. Offender claims he was denied a shower, soap, and further medical care for burning. Offender states he wants Internal Affairs to investigate said incident.

Relief requested:  "Independent investigation by outside Internal Affairs for staff conduct. Disciplinary action for Sgt. Brandt for his conduct. Further medical care for injurys. Transfer for safety."

Counselor responded on 3-23-2021:  "Staff contacted and denies allegations. Offender states in grievance he was cleared by Health Care. Offenders are given jumpsuit when they are sent to

**Recommendation:**

It is the recommendation of this Grievance Officer that Offender's grievance be DENIED.

Jennifer Cowan, CCII - Menard Correctional Center

Print Grievance Officer's Name — Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| RECEIVED **Chief Administrative Officer's Response** | | | |
|---|---|---|---|
| Date Received: OCT 1 4 2021 | ☑ I concur | ☐ I do not concur | ☐ Remand |

**Action Taken:**

Chief Administrative Officer's Signature — 10/14/21 Date

| **Offender's Appeal To The Director** |
|---|

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Offender's Signature — ID# R40742 — Date OCT 18, 2021

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**RESPONSE TO OFFENDER'S GRIEVANCE (Continued)**

continued......

Segregation.

This Grievance Officer forwarded grievance to Health Care on 4-1-2021 for response. Per Angela Crain on 10-13-2021: I am in receipt of Individual in Custody Haywood, Karl R40742 grievance 167-3-21 2nd level dated 2-23-21 regarding medical treatment. Individual in Custody grieves not being allowed his asthma inhaler after being exposed to chemical gas. Per review of the individual in custody medical records, the individual in custody was seen in the HCU First Aid for chemical gas exposure on 2-18-2021. It is noted the individual in custody was not in respiratory distress and three peak flow readings were obtained. The individual in custody was within the chronic clinic peak flow guidelines. A wellness check was done on the individual in custody by nurse N. Brand on 2-22-21 and no complaints of burning skin or face were voiced. The individual in custody medical records do not substantiate his claims at this time." This Grievance Officer concurs with this answer. Sgt. Brandt was contacted by this Grievance Officer and states that he administered a short burst of OC spray after Offender Haywood threw a food tray at him. Sgt. Brandt stated that Offender Haywood and his cellie were both awake and standing at the bars when he approached. Offender was issued a jumpsuit when he entered Restrictive Housing. Cleaning supplies are issued weekly in Restrictive Housing by the North 2 Sanitation Officer. Internal Affairs decides what is to be investigated. Staff discipline issues are an administrative decision.



JB Pritzker
Governor

Rob Jeffreys
Director

## The Illinois Department of Corrections

Menard Correctional Center
711 Kaskaskia Street • Menard, IL 62259 • (618) 826-5071 TDD: (800) 526-0844

# MEMORANDUM

DATE:    October 13, 2021

TO:    J. Cowan, Clinical Services

FROM:    Angela Crain, HCUA, RN, BSN

SUBJECT: Haywood, Karl R40742 Grievance 167-3-21 2nd Level

---

I am in receipt of Individual in Custody Haywood, Karl R40742 Grievance 167-3-21 2nd Level dated 02/23/2021 regarding medical treatment. Individual in custody grieves not being allowed his asthma inhaler after being exposed to chemical gas. Per review of the individual in custody medical records, the individual in custody was seen in the HCU First Aid for chemical gas exposure on 2/18/21. It is noted the individual in custody was not in respiratory distress and three peak flow readings were obtained. The individual in custody was within the Chronic Clinic peak flow guidelines. A wellness check was done on the individual in custody by nurse N. Brand on 2/22/21 and no complaints of burning skin or face were voiced. The individual in custody medical records do not substantiate his claims at this time.

Angela Crain, HCUA, RN, BSN

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc

E-1-14

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report | | |
|---|---|---|
| **Date Received:** 03/31/2021 | **Date of Review:** 04/29/2021 | **Grievance #** (optional): 492-3-21 |
| **Offender:** Haywood, Karl | | **ID#:** R40742 |

**Nature of Grievance:**

Staff Conduct
*Emergency Grievance*

**Facts Reviewed:**

GRIEVANCE DATED: March 25th, 2021 Offender grieves a falsified IDR was written by officer Brandt Offender states Brandt sprayed him with mace for no reason and lied about it. Committee found him not guilty and was placed back to east house where the officer is and is receiving threats from the officers. Offender states he has been writing letters to the warden, director, fami8l to be moved from east house.

RELIEF REQUESTED: To stop these officers from harassing him and threatening him, to be moved or transferred from Menard the camera footage on 3/25/21.

COUNSELOR RESPONDED: 4/15/21 staff assignments and offender cell placement are an administrative decision Sgt. Brandt was contacted an advised he is not nor harass offender Haywood. Sgt. Brandt stated in ticket issued to offender Haywood on 2/18/21 that one bust of OC was utilized to stop further assault. Offender Haywood was found not guilty as his cellmate plead guilty and accopted responsibility for the charges. Unable to verify offender claims as no other staff was mentioned by name to harassing offender.

GRIEVANCE OFFICE REVIEWED: April 29th, 2021 Issue appropriately addressed by counselor.

**Recommendation:**

It is the recommendation of this Grievance Officer that the inmate's grievance be DENIED

Yvette Baker  - Menard Correctional Center

_____
Print Grievance Officer's Name

_____
Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| RECEIVED | **Chief Administrative Officer's Response** | | |
|---|---|---|---|
| **Date Received:** APR 29 2021 | ☑ I concur | ☐ I do not concur | ☐ Remand |

**Action Taken:**

_____
Chief Administrative Officer's Signature

4/29/21
Date

| **Offender's Appeal To The Director** |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

_____
Offender's Signature

R40742
ID#

5/2/2021
Date

RECEIVED RECEIVED

MAR 3 1 2021    APR 1 3 2021

Assigned Grievance #/Institution:    Housing Unit    Bed #

1st Lvl rec:    BY:    ILLINOIS DEPARTMENT OF CORRECTIONS    2nd Lvl rec:
Offender's Grievance

| Date: 3-25-2021 | Offender (please print): Karl Haywood | ID #: R40  RECEIVED | Race (optional): Black |

Present Facility: Menard C.C    Facility where grievance issue/occurred: APR 2 6 2021 Menard C.C

MENARD CC
GRIEVANCE OFFICE

Nature of grievance:

☐ Personal Property        ☐ Mail Handling        ☒ Medical Treatment        ☐ ADA Disability Accommodation

☒ Staff Conduct            ☐ Dietary              ☐ HIPAA                     ☐ Restoration of Sentence Credit

☐ Transfer Denial by Facility  ☒ Other (specify): Threats from officer 492-3-21

☐ Disciplinary Report

Date of report _____    Facility where issued _____    MEN

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

ON 2/18/21 I WAS WRITTEN A FALSIFIED DISCIPLINARY TICKET BY OFFICER BRANDT WHO DELIBERATELY LIED ON ME IN AN ALL OUT EFFORT TO GET ME SENT TO SEG IN DIRECT VIOLATION OF THE RULES = My 14TH AMENDMENT CONSTITUTIONAL RIGHTS. I WAS FOUND NOT GUILTY OF ANY WRONG DOING. BRANDT SPRAYED ME WITH MACE FOR NO REASON & THEN TRIED TO LIE ABOUT IT. I WAS BROUGHT BACK TO THE EAST HOUSE WHERE BRANDT CONTINUES TO WORK

☒ Continued on reverse

Relief Requested: TO STOP THESE OFFICERS FROM HARASSING ME & THREATENING ME, MOVE ME OR TRANSFER ME FROM MENARD. And Preser he Camera Footage from 3-25-2021 at or about 10:00 Am to about 12:45 Pm oming off the Yard close to the R.N.C even the footage from off the tower by the .N.C thank you and the Camera footage from FeB 18, 2021 at about 4:4

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is NOT an emergency grievance

| Karl Haywood | R40742 | 3-25-2021 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

Counselor's Response (if applicable)    Date Received: 4/15/21    ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 82794-9277

Response:
Staff assignments and offender cell placement are an Administrative decision. Sgt Brandt was contacted and advised he is not now has not harassed offender Haywood. Sgt Brandt stated in ticket issued to offender Haywood on 2/18/21 that one burst of OC was utilized to stop further assault. Offender Haywood was found not guilty as his cellmate plead guilty and accepted responsibility for the charges. Unable to verify offenders claims as no other staff was mentioned by name as to harassing offender Haywood.

| _____ | _____ | 4-19-21 |
| Print Counselor's Name | Sign Counselor's Name | Date |

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

EMERGENCY REVIEW:    Date Received: _____

Is this determined to be of an emergency nature?

☐ Yes, expedite emergency grievance
☒ No, an emergency is not substantiated.  Offender should submit this grievance according to standard grievance procedure

AWills    4/1/21

Chief Administrative Officer's Signature    Date

Staff conduct

Distribution: Master File; Offender    Page 1 of 2    DOC 0046 (Rev. 01/2020)

Assigned Grievance #/Institution: _____          Housing Unit: _____  Bed # _____

1st Lvl rec: _____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec: _____

At, So Placement Should Have Known That I Would Be Forced To Deal With This C-O Who Has Intentionally Lied on Me & Maced Me. When I Got Back To The Cell House I Was Confronted By Several C-O's Who Told If I Think I Got Away With Assulting An Officer I Had Another Thing Coming. I Was Told That I Would Get What I Deserve. These Are Threats That These C-O's Are Making To Me. I've Wrote Letters To The Warden, To The Director, To My Family Letting Them Know That I Am Being Threatend By Officers In Retaliation For Being Found Not Guilty For A Ticket By Brandt. I Wrote The LT, Sgt, & The Major & Asked To Be Moved From over Here In The East House & To Tell These C-O's To Stop Harassing Me & Threatening Me. I Was Told By A C-o & A LT Not To Send Any More Kites About Being Threatend. Nothing Is Being Done To Stop These C-o's From Threatening Me. If I'm Not Gonna Be Protected By The Staff of Menard Then I'm Gonna Have To protect Myself Because I'm Being Targeted By C-o's Since Coming Back To The ECH I Saw C-O Brandt As I Went out To The Yard & He Called My Name "Haywood! Said How'd You Like That Pepper Spray? I Bet You Won't Throw Shit At Me Again. I Told Him I Didn't Throw Anything At Him & In front of The Major, LT & other C-o's He Threatend To Kick My Black Ass. C-o's Are Not Suppose To Talk To us This Way But These C-o's Have Continued To Threaten Me With Harm. I Will Not Allow No one To Hurt Me, Inmate or C-o I Have A Right To protect Myself, Exspecially When The facility Won't Respond Back To My Letters & Grievance's That I've Written. I've Already Been Lied on & Maced By Brandt For Nothing, I'm Not Gonna Let Him Hurt, So Could You Please Move Me From Around Him & These other C-o's Who Keep Threatening Me With More false Tickets & Physical Harm. And Preserve the Camera Footage from 3-25-2021 at or about 11:00 am to about 12:45 Pm Coming off the _____ Yard Close to the R.N.C even the footage from the off the tower by the R.N.C thank you

B.                    Relief Requested:
from this Same C/O S.gt Derek m. Brandt When he mace me in my Sleep I'm asking that you all Preserve that Comera footage to the end

Distribution: Master File; Offender          Page 2 of 2          DOC 0046 (Rev. 01/2020)

RECEIVED    MAR 1 1 2021    Housing Unit: E1½    Bed # A

Assigned Grievance #/Institution

MAR 08 2021

1st Lvl rec:

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec:

| Date: 2-18-2021 | Offender (please print): Karl Haywood | ID #: R-40742 | Race (optional): |

| Present Facility: Menard Corr. Center | Facility where grievance issue occurred: Menard Corr Center |

**Nature of grievance:**

☐ Personal Property        ☐ Mail Handling        ☐ Medical Treatment        ☐ ADA Disability Accommodation

☒ Staff Conduct            ☐ Dietary              ☐ HIPAA                    ☐ Restoration of Sentence Credit

☐ Transfer Denial by Facility    ☐ Other (specify): _____    RECEIVED    167-3-21

☐ Disciplinary Report

MAR 31 2021

Date of report                                    Facility where issued

MENARD CC    MEN

GRIEVANCE OFFICE

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

THIS GRIEVANCE is Being FILED & MARKED as EMERGENCY IN NATURE Due To AN incident IN which Accurred while house is THE EAST Cell House in Cell # 823 at 4:49 p.m. During THIS TIME I was Asleep in My Bunk when i was hit with a Burst of O.C. Spray (pepper spray) to which i Could Not Breath & my eye's & lungis Began To Burn Along with my skin & began To Cough & Complain That i Could not Breath As i Screamed for help To which i was Told to shut The fucks up before Sgt Berndt

☐ Continued on reverse

**Relief Requested:**

1) independant t investigation by outside Internal Affairs for staff Conduct 2) disciplinary Action for sgt. Berndt for his Conduct 3) Further Medical Care for injurys 4) Transfar for Safety

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is NOT an emergency grievance.

| Karl Haywood | R-40742 | 2-25-2021 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**    Date Received: 3/15/21    ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

Staff contacted and denies allegations. Offender states in grievance he was cleared by Healthcare. Offenders are given jumpsuit when they are sent to segregation.

| C. Richmond | C. Richmond | 3-23-21 |
| Print Counselor's Name | Sign Counselor's Name | Date |

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: 3-9-21

Is this determined to be of an emergency nature:

☐ Yes; expedite emergency grievance
☒ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_____    3-9-21
Chief Administrative Officer's Signature    Date

Page 1 of 2    DOC 0046 (Rev. 01/2020)

Distribution: Master File; Offender

22    Tact Team/ pepper spray

Assigned Grievance #/Institution:                                    Housing Unit:                Bed #

1st Lvl rec:                    ILLINOIS DEPARTMENT OF CORRECTIONS               2nd Lvl rec:
                                        Offender's Grievance

A (TACT TEAM MEMBER) THEN LEFT THE gallery for over 20 minutes As i struggled to Catch my breath due to my Being Asthatic & Being pepper Sprayed. Due to my Not Being able to see i Also fell & hit my back hurting it extremely bad because i Couldn't see 20 minutes later Sgt. Brandt & The Tact Team Arrived while i was Attempting to Rinse my face & Burning eye's & Order Me to Cuff up to which i Complied while still Continuing to Ask why i had been Maced & pepper sprayed stating That i had Done Nothing wrong to which he stated to shut up And don't say shit else. i was Then Taken to The HealthCare Unit to which i Continued to state my innocence & Also That i Couldn't Catch my Breath due to my Asthma til i Threw up.

They wash'd my eye's out but denied me my inhaler spray for my Astyma, i was Then Assessed by mental Health Then Taken To seg with my head forced down ward. & my Arms up ward To where i Couldn't breath i was Then placed in segregation From Feb 18th 2021 to Feb 23rd waiting to hear The Ticket for The false Charges Sgt. Brandt had Made against me. My Cellmate explain'd That i Was at The time Asleep. The Whole Time & had Nothing to Do with Anything involving a staff Assult & i Was Released from segregation On The Morning of Feb 24th

While in segregation staff retaliated against me for a staff Assult i did not Commit Against Sgt. Brandt a former Dey Officers. To which i was denied Change of pepper Spray soak'd Under Wear forced to burn On my skin for 5 days As i Was denied showers, soap, Clothing & Furthur Medical Care for Burning skin & face Til scrares appeard And my skin hurt til The extreme.

In Sgt. Brandt's disciplinary Report he states Clearly That he Never saw who Threw fone may yet He saw fit to Spray An individual who wasn't involved And i Now Ask for An outside investigation by internal Affairs & disciplinary action against Sgt. brandt for Causing unjust suffering Emotionally & physically

                                                                            End

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** HAYWOOD, KARL

**Hearing Date/Time:** 2/23/2021   10:16 AM

**Incident Number:** 202100179/1 - MEN

**IDOC Number:** R40742

**Living Unit:** MEN-E-01-12

**Status:** Expunged Final

**Race:** BLK

**Orientation Status:** N/A

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 2/18/2021 | 202100179/1-MEN | BRANDT, DEREK M | EAST CELLHOUSE | 04:45 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 102b | Assault | |
| | Comments:hit with multiple food trays | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| No Witness Requested | | | |

## RECORD OF PROCEEDINGS
-Cellmate plead guilty and accepted responsibility for the charges.

## BASIS FOR DECISION
-Cellmate plead guilty and accepted responsibility for the charges.

## DISCIPLINARY ACTION  (Consecutive to any priors)

**RECOMMENDED**

**FINAL**

--- EXPUNGED ---

**Basis for Discipline:**

## Signatures
**Hearing Committee**

| | Signature | Date | Race |
|---|---|---|---|
| SCHOENBECK, JOSHUA A - Chair Person | | 02/23/21 | WHI |
| VASQUEZ, JASON P | | 02/23/21 | HSP |
| Recommended Action Approved | | | |

**Final Comments:** N/A

ANTHONY D WILLS / ADW  3/1/2021

**Chief Administrative Officer**

**Signature**

03/01/21

**Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

**Employee Serving Copy to Committed Person**

3.4.21

**When Served - - Date and Time**

Run Date: 3/2/2021 07:33:37

Page 1 of 1

ILLINOIS DEPARTMENT OF CORRECTIONS
## Offender Disciplinary Report

**Type of Report:**
☐ Disciplinary        ☐ Investigative        Facility: _____        Date: _____

Offender Name: _____        ID #: R 440742        SMI: ☑ yes ☐ no        Race: _____

Observation Date: 2/8/21        Approximate Time: 445        ☐ a.m. ☐ p.m.        Location: _____

**Offense(s): DR 504:** _____ Assault _____

**Observation:** (NOTE: Each offense identified above must be substantiated.) on the above date and approx
time I was feeding fast 8 gallery I observed both offender
Elliot Jason R57967 and offender Haywood Karl R40742 standing
near front of cell 811 As I was passing cell 811 I felt natured body
hit me on the face and left shoulder. I turned to face cell 811
and a second body hitting me on the face. I utilized one burst of
OC to stop further assault and retreated from the gallery to notify
backup. I notified chain of command. I sustained no injuries.
Offender Haywood, Karl Id'd by state ID and O36.

**Witness(es):** _____

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | ☐ a.m. ☑ p.m. |
|---|---|---|---|---|---|
| | 14853 | | 2-8-21 | S.K | |

### Disciplinary Action:

**Shift Review:** ☑ Temporary Confinement        ☐ Investigative Status        Reasons: nature of offense

Printed Name and Badge # _____        Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer) _____        Date 2-18-21

**Reviewing Officer's Decision:** ☑ Confinement reviewed by Reviewing Officer        Comment: I concur

☑ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction,** submitted to Program Unit

Print Reviewing Officer's Name and Badge # _____        Reviewing Officer's Signature _____        Date _____

☐ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

Print Hearing Investigator's Name and Badge # _____        Hearing Investigator's Signature _____        Date _____

#### Procedures Applicable to all Hearings on Investigative and Disciplinary Reports

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

#### Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign

Offender's Signature _____        ID# _____

Serving Employee (Print Name) _____        Badge # _____        Signature _____        ☐ a.m. ☐ p.m.

Date Served _____        Time Served _____

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature _____        ID# _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report _____        Print offender's name _____        ID# _____

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| | | | |

Witness can testify to: _____

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| | | | |

Witness can testify to: _____

Page ___ of ___

Distribution   Master File
              Offender

Printed on Recycled Paper

DOC 0317 (Rev. 03/2020)



4-14-22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Haywood, Karl                    R40742
_____Name_____              _____ID Number_____

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1.  Is this a new civil rights complaint or habeas corpus petition?    (Yes) or No

    If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2.  Is this an Amended Complaint or an Amended Habeas Petition?    Yes or (No)

    If yes, please list case number: _____N/A_____

    If yes, but you do not know the case number mark here:- _____

3.  Should this document be filed in a pending case?    Yes or (No)

    If yes, please list case number: _____N/A_____

    If yes, but you do not know the case number mark here: _____

4.  Please list the total number of pages being transmitted:    40

5.  If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

| Name of Document | Number of Pages |
|---|---|
| — 1983 U.S.C. Complaint | 26 |
| — Exhibits | 14 |
| | |
| | |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.