IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KARL HAYWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-731-NJR |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| ROB JEFFREYS, ANTHONY WILLS, | ) | |
| DEREK BRANDT, J.B. PRITZKER, and | ) | |
| ANGELA CRAIN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Karl Haywood, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Haywood alleges Defendant Derek Brandt sprayed him with chemical spray, failed to provide him with medical care, and placed him in an unsanitary cell. He asserts claims under the Eighth Amendment and seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Although Haywood does not indicate in his statement of claim when the events that makes up his claims took place, his attached grievances indicate that the events occurred on February 18, 2021 (*Id*. at pp. 35, 37). At that time, the Complaint alleges Haywood was asleep in his cell when he was hit in the head and face with a chemical agent by Brandt, a member of the tactical team ("S.O.R.T") (*Id*. at p. 14). Haywood suffers from asthma and could barely see or breathe after being hit with the spray (*Id*.). He maintains that he was not a threat when he was hit with the spray (*Id*.).

Haywood asked for a medical team to treat his asthma, but Brandt did not help (*Id*. at p. 16). While trying to get to the sink, he slipped and fell, hitting his back and head on the toilet/sink. After about twenty minutes, he was cuffed up with his arms pulled high above his head, injuring his arms and shoulders (*Id*. at pp. 14 and 17). He was then taken to the healthcare unit, but he was not provided any care by the Jane Doe nurse because Brandt told her that Haywood assaulted a staff member (*Id.* at p. 17). He asked for his inhaler, but Brandt told Haywood he was not getting it and instructed the nurse to not provide Haywood with his inhaler (*Id*. at pp. 17-18). The nurse refused to provide him any care because she was told he assaulted a staff member (*Id*. at p. 18).

He was then taken to North-2 segregation where the tactical team told officers he was a staff assaulter (*Id*. at p. 19). Brandt specifically labeled him a staff assaulter, even though he was not, in order to encourage staff members to mistreat Haywood (*Id*.). Brandt then wrote a false disciplinary report for staff assault (*Id*. at p. 20). He alleged that Haywood and his cellmate threw their trays at him (*Id*. at p. 21). Brandt hoped to send Haywood to segregation where the living conditions are inhumane (*Id*.). Haywood was housed in segregation from

2

February 18, 2021, through February 24, 2021 (*Id.*). He was placed in a cell without sheets and pillows. His mattress was dirty, moldy, and smelled of urine (*Id.* at p. 21). The walls smelled of mold and had feces and blood smeared on them (*Id.*). The sink was dirty. Haywood asked a John Doe officer for another cell, but the officer told him he should have thought about it before assaulting an officer. He also refused Haywood any soap or towels (*Id.* at p. 22). Haywood believes this was done in retaliation because he was believed to be a staff assaulter. He asked a Jane Doe nurse for his inhaler, but she also denied him care because she believed he had assaulted staff (*Id.*). He asked a John Doe sergeant for mental healthcare because he suffers from a serious mental illness, but that request was denied because the sergeant believed he was a staff assaulter (*Id.* at p. 23).

Haywood alleges that Wills, Jeffreys, Pritzker, and Wexford know about the problems at Menard Correctional Center, including problems with overcrowding, staffing, poor medical care, mail delivery issues, inadequate grievance process, and inadequate mental health care, but have nothing done to remedy the issues thus allowing an environment of lawlessness to develop at Menard (*Id.* at pp. 7, 23-24). He alleges that they are aware of these conditions due to the class action lawsuits in *Rasho v. Walker*, Case No. 07-1298 (C.D. Ill.), *Lippert v. Ghosh*, Case No. 10-4603 (N.D. Ill.), and *Ross v. Gossett*, Case No. 15-cv-309 (S.D. Ill.). According to Haywood, their failure to remedy these issues led to an environment of lawlessness at "Menard" which allowed Brandt to act out against Haywood without consequence (*Id.* at pp. 5-6, 8-9).

## Preliminary Dismissals

Haywood alleges that he is a class member in *Lippert*, *Rasho*, and *Ross* which deal with overcrowding, understaffing, healthcare, mental health care, and tactical team actions in the

3

Illinois Department of Corrections (Doc. 1, pp. 4-5). He alleges that Jeffreys, Wills, and Pritzker are aware of the conditions and actions of staff at Menard due to these lawsuits but have done nothing to remedy the various issues at Menard. His request for relief seeks injunctive relief ordering the defendants to comply with remedies awarded in the class actions. To the extent that Haywood seeks compliance with the relief awarded or agreed to by settlement in any of these lawsuits, he would need to seek relief through those cases. *Orr v. Shicker*, 953 F.3d 490, 496 (7th Cir. 2020) (consent decree in *Lippert* includes a dispute resolution provision for those that believe defendants are not in substantial compliance); *See Rasho*, No. 07-cv-1298-MMM, 2018 WL 2392847 at *6 (C.D. Ill., May 25, 2018) (stating that the "Settlement Agreement allows for the Plaintiffs to seek relief from this Court if there is a dispute as to whether or not the Defendants are in substantial compliance.").[1] To the extent that Haywood seeks relief against these policymakers for policies and practices which led to Brandt's use of force, deliberate indifference, and other actions against him, Haywood fails to point to a specific policy or practice at Menard that was created by Jeffreys, Wills, and Pritzker. He speaks of a general "lawlessness" but fails to point to a specific policy or practice that Brandt acted under when he sprayed Haywood with chemical spray and then denied him medical care. The claims against them are, thus, **DISMISSED without prejudice**.

To the extent that Haywood seeks to bring claims against the Jane Doe nurses, John Doe correctional officers, and John Doe sergeant, those individuals are not listed in the case caption or as defendants (Doc. 1, pp. 1-2). Thus, all potential claims against them are considered **DISMISSED without prejudice**. This also includes any potential claims for

---

[1] The *Ross* case is still pending.

retaliation. Although Haywood alleges that various individuals retaliated against him because they believed him to be a staff assaulter, he fails to identify a protected First Amendment activity that he was engaging in when the various officers retaliated against him.

Haywood identifies Angela Crain in the caption of his Complaint but fails to include any allegations against her in his statement of claim. Thus, all potential claims against Crain are **DISMISSED without prejudice**.

Haywood also attempts to bring a claim for intentional infliction of emotional distress, but other than stating that the defendants' actions constituted intentional infliction of emotional distress, he offers no allegations to support that claim. Thus, the claim is **DISMISSED without prejudice**.

Finally, to the extent that Haywood alleges that Brandt issued a false disciplinary ticket against him, he fails to state a claim. Although it is not clear what type of claim Haywood seeks to allege, he fails to allege any due process violations as the charges were expunged and he alleges he only spent seven days in segregation (Doc. 1, p. 39).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** **Eighth Amendment excessive force claim against Brandt for spraying Haywood with chemical spray.**
>
> **Count 2:** **Eighth Amendment deliberate indifference claim against Brandt for refusing to provide Haywood with medical care, including access to his inhaler.**

**Count 3:** Eighth Amendment conditions of confinement claim against Brandt for placing Haywood in an inhumane and unsanitary cell in segregation.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

At this stage, the claims in Counts 1, 2, and 3 will proceed against Brandt.

## Pending Motions

As to his motion for counsel (Doc. 4), Haywood indicates that he had help from another inmate to draft the Complaint and will need help in the future because he does not know the law. He also indicates that he has been diagnosed with a serious mental illness. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[3] Further, counsel is not needed at this time because the defendant has not yet been served and a discovery schedule has not been entered. Thus, Haywood's motion for counsel (Doc. 4) is **DENIED without prejudice**.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

### Disposition

For the reasons stated above, Counts 1, 2, and 3 shall proceed against Defendant Derek Brandt. Wexford Health Sources, Inc., Rob Jeffreys, Anthony Wills, J.B. Pritzker, Angela Crain, and all other potential claims are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant Derek Brandt: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on defendant, and the Court will require defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 8, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**